IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY L. MONTELEONE, JR.,      )
         Plaintiff,           )
                          )
     vs                       )     Civil Action No. 09-1114
                          )
UNITED CONCORDIA COMPANIES,      )
         Defendant.        )

MEMORANDUM OPINION  AND  ORDER

MITCHELL, Magistrate Judge:

         Presently before the Court is the defendant's motion to dismiss the plaintiff's amended complaint pursuant to F.R.Civ.P. 12(b)(6).  For reasons discussed below, the defendant's motion to dismiss (Document No. 16) will be granted.

         The plaintiff, Anthony L. Monteleone, Jr., a practicing dentist, has filed an amended civil rights complaint against defendant United Concordia Companies ("United Concordia").  The plaintiff contends that United Concordia deprived him of his Fourteenth Amendment rights when it failed to reinstate him as a participating dentist in its insurance plan after restrictions were placed on his dental license, yet it allowed other dentists whose licenses were similarly on probationary status to participate in its plan in violation of 42 U.S.C. § 1983. The Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331.

         In support of his claim, the plaintiff asserts that on or about July 12, 2006, he entered into a participating dentist agreement with United Concordia, pursuant to which he provided dental services to persons who were eligible for Medicare and Medical Assistance under

United Concordia's Medicare-approved Special Needs Plan; that on or about January 9, 2008, United Concordia terminated his participation in its plan due to restrictions placed on his license by the Pennsylvania Board of Dentistry; that on June 9, 2008, he filed a request for reinstatement with the Pennsylvania Board of Dentistry; and that on June 18, 2008, the Board of Dentistry reinstated his license to active/probationary status.

The plaintiff avers that on July 2, 2008, based on the reinstatement of his license, he sought to be reinstated as a participant in United Concordia's plan; that in a letter dated August 26, 2008, the defendant denied his request for reinstatement, informing him that it would not reinstate him as a participant in its plan until such time as his licence was fully restored without restrictions; that on November 8, 2008, at United Concordia's request, he participated in a free dental services clinic which it sponsored; that United Concordia expressed its appreciation to him for participating in its free dental services clinic, but it continued to deny his requests for reinstatement in its plan; that he believes United Concordia has purposefully prevented him from practicing dentistry by applying criteria for retention of his services that have not be applied uniformly to other participating dentists in its health plan; and that having excluded him from participating in its plan, United Concordia deprived him of his ability to provide dental services to Medicare and Medicaid recipients and impaired his professional license in violation of his Fourteenth Amendment rights.

In response to the amended complaint, United Concordia has moved to dismiss it pursuant to F.R.Civ.R. 12(b)(6).  In support of its motion to dismiss, United Concordia argues that the plaintiff has failed to state a viable claim under 42 U.S.C. § 1983, as he has not pled facts showing it is a state actor.  Further, United Concordia asserts that the amended complaint fails to

establish that it deprived the plaintiff of a property interest protected by the Fourteenth Amendment.

To establish liability under 42 U.S.C. § 1983, the plaintiff must show that the defendant, acting under color of state law, violated his federal constitutional or statutory rights and thereby caused his complained-of injury.  Biliski v. Red Clay Con. Sch. Dist. Bd. of Educ., 574 F.3d 214, 219 (3d Cir. 2009).  As to the "under color of state law" requirement, the United State Supreme Court has stated: "When Congress enacted § 1983 as the statutory remedy for violations of the Constitution, it specified that the conduct at issue must have occurred under color of state law; thus liability attaches only to those wrongdoers who carry a badge of authority of a State and represent it in some capacity."  NCAA v. Tarkanian, 488 U.S. 179, 191 (1988).  To determine if a private actor such as the defendant is subject to scrutiny under §1983, we must assess whether its alleged conduct can be "fairly attributable to the state."  Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

To evince state action under § 1983, the plaintiff asserts that the Commonwealth of Pennsylvania, through its Medical Assistance Program, undertook an affirmative obligation to provide dental services to Medicare and Medicaid recipients; that the Commonwealth authorized United Concordia to enter into contracts with dentists licensed to practice in Pennsylvania to provide dental services to Medicare and Medicaid recipients; that by virtue of Pennsylvania's delegation of authority to it, United Concordia offered dental care to eligible Medicare recipients through its Gateway Health Plan Medicare Assured Plan; and that upon credentialing, enrolling and retaining participating dentists in its plan, United Concordia acted under color of state law pursuant to Pennsylvania's delegation of authority to it.

3

Following the Supreme Court's opinions in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), and <u>Ashcroft v. Iqbal</u>, – U.S. – , 129 S.Ct. 1937, 1955 (2009), the Third Circuit Court of Appeals has stated that in reviewing a Rule 12(b)(6) motion to dismiss, the Court should apply a two-part analysis.  <u>Fowler v. UPMC</u>, 578 F.3d 203, 210 (3d Cir. 2009).  "First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  <u>Id.</u> at 210-11, citing <u>Iqbal</u>, 129 S.Ct. At 1949.  "Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" <u>Fowler</u>, 578 F.3d at 211, quoting <u>Iqbal</u>, 129 S.Ct. at 1950.

Importantly, "a complaint must do more than allege the plaintiff's entitlement to relief"; it "has to 'show' such an entitlement with its facts."  <u>Fowler</u>, 578 F.3d at 211, citing <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234-35 (3d Cir. 2008).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" <u>Iqbal</u>, 129 S.Ct. at 1950, quoting F.R.Civ.P. 8(a)(2).  A pleading that only proffers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  <u>Twombly</u>, 550 U.S. at 555.

There is no single or uniform test to determine if a private act may be attributable to the state; however, the United States Supreme Court has developed several frameworks for determining this question, which it has summarized as follows:

> [A] challenged activity may be state action when it results from the State's exercise of 'coercive power', <u>Blum</u> [v. <u>Yaretsky</u>, 457 U.S. 991, 1004 (1982)], when the State provides 'significant encouragement, either overt or covert, <u>ibid</u>, or when a private actor operates as a 'willful participant in joint activity with the State or its agents,' <u>Lugar</u> [supra, 457 U.S.

at 941].  We have treated a nominally private entity as a state actor when it is controlled by an 'agency of the State', <u>Pennsylvania v. Board of Directors of City Trusts of Philadelphia</u>, 353 U.S. 230, 231 (1957) (per curiam), when it has been delegated a public function by the State, cf., <u>e.g.</u>, <u>West v. Atkins</u>, [487 U.S. 42, 56 (1988); <u>Edmonson v. Leesville Concrete Co.</u>, 500 U.S. 614, 627-628 (1991), when it is 'entwined with governmental policies' or when government is 'entwined in [its] management or control.'  <u>Evans v. Newton</u>, 382 U.S. 296, 299, 301 (1966).

<u>Brentwood Academy v. Tennessee Secondary School Athl. Ass'n.</u>, 531 U.S. 288, 296 (2001).

Utilizing Supreme Court jurisprudence, the Third Circuit Court of Appeals has outlined the following tests to determine if a private actor engages in state action: (1) "whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state" (i.e., the "public function" test); (2) "whether the private entity has acted with the help of or in concert with state officials" (i.e., the "close nexus" test); and (3) "whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity" (i.e, the "symbiotic relationship" test).  <u>Kach v. Hose</u>, 589 F.3d 626, 646 (3d Cir. 2009), citing <u>Mark v. Borough Hatboro</u>, 51 F.3d 1137, 1142 (3d Cir. 1995).

In opposing the defendant's motion to dismiss, the plaintiff avers that the "public function" test "is not the basis for [his] claim under § 1983."[1]  Rather, the plaintiff asserts that he has alleged sufficient facts to show state action under the "close nexus" test or the "symbiotic relationship" test.[2]  We disagree.

---

1.   See, plaintiff's brief opposing the defendant's motion to dismiss at p. 12.

2.   Id.

To establish state action under the "close nexus" test, the complaining party must show "a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action may be fairly treated as that of the state itself." Blum v. Yaretsky, 457 U.S. 991, 1004 (1981) (citations omitted).  Under the "close nexus" test, a state is responsible for a private decision when it has "exercised coercive power or has provided such significant encouragement either overt or covert, that the choice must in law be deemed that of the state." Id. Tellingly, "[t]his test is met only if it can be said that the state is responsible for the specific conduct about which the plaintiff complains." Boggi v. Medical Review and Accrediting Council, 2009 WL 2951022, *6 (E.D.Pa., Sept. 15, 2009), citing Blum, 457 U.S. at 1004.

Here, there are no allegations in the amended complaint to indicate that the Commonwealth of Pennsylvania "coerced or encouraged" United Concordia's complained-of acts. For instance, the plaintiff does not complain that the Commonwealth compelled United Concordia not to reinstate him as a participating dentist in its plan, nor that it was responsible for United Concordia's alleged improper conduct.  As such, the plaintiff has not alleged facts to evince state action under the "close nexus" test.

With respect to the "symbiotic relationship" test, it provides only a "narrow" basis for finding that private action may be fairly attributable to the state. Benn v. Universal Health System, 371 F.3d 165, 173 (3d Cir. 2004).  "A 'symbiotic relationship' demands 'a close association of mutual benefit' between the state and the private entity". Id.  Further, under the "symbiotic relationship" test, state action will not be found unless the state has "so far insinuated itself into a position of interdependence with [the entity] that it must be recognized as a joint participant in the challenged activity." Burton v. Wilmington Parking Authority, 365 U.S. 715,

6

725 (1961).  To the extent a "symbiotic relationship" does exist, it does so "by virtue of the close

involvement of the state and [its] interdependence [with an entity] and the challenged activity, [so

that] the conduct complained of is in fact 'fairly attributable' to the state."  Crissman v. Dover

Downs Entertainment, 289 F.3d 231, 240-41 (3d Cir. 2001).  Clearly, "the interdependence

between the state and private actor must be pronounced before the law will transform the private

actor into a state actor."  Groman v. Township of Manalapan, 47 F.3d 628, 641 (3d Cir. 1995).

　　　　In attempting to show state action here, the plaintiff cites regulations under

Pennsylvania's Medical Assistance ("MA") Program, 55 Pa.Code §§ 1101.41(a) and 1101.42(a).[3]

According to the plaintiff, the Commonwealth had a close involvement and interdependence with

the defendant by virtue of the Commonwealth's authority to administer the MA Program, as it

authorized United Concordia to make determinations as to a dentist's eligibility to provide dental

services to Medicare recipients.

　　　　The United States Supreme Court has ruled that state regulation of a private

entity -- even if the regulation is extensive -- does not amount to state action if the state is not

sufficiently connected with a private entity's complained-of conduct so as to make the conduct

---

3.　　It is provided in 55 Pa. Code § 1101.41(a): "Any physician, dentist, optometrist, podiatrist, chiropractor, pharmacy, laboratory, nursing facility, hospital, clinic, home health agency, ambulance service, health establishment, State Mental Retardation Center or medical supplier in this Commonwealth or another state may apply to participate in the MA Program."

　　　　In pertinent part, 55 Pa. Code § 1101.42(a) provides: "In order to be eligible to participate in the MA Program, Commonwealth-based providers shall be currently licensed and registered or certified or both by the appropriate State agency, complete the enrollment form, sign the provider agreement specified by the Department, and meet additional requirements described in this chapter... The Department may at its discretion refuse to enter into a provider agreement.  Each individual practitioner or medical facility shall have a separate provider agreement with the Department."

attributable to the state.  Jackson v. Metropolitan Edison Co., 419 U.S. 345, 358-59 (1974).

Likewise, detailed regulation of a private entity does not constitute state action if the regulation

cannot be said to foster or encourage the complained-of conduct, nor make the state a partner or a

joint venturer in the enterprise.  Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 176-77 (1972).

   As discussed above, the plaintiff does not contend that the Commonwealth was

involved in, nor responsible for United Concordia's complained-of acts.  Disregarding its "labels

and conclusions", the amended complaint is devoid of facts showing that the Commonwealth

"insinuated itself into a position of interdependence with" the defendant, such "that it must be

recognized as a joint participant in the challenged activity".  Burton, supra.  While a contractual

relationship may exist between the Commonwealth and United Concordia, it is clear that acts of

private contractors do not become acts of the government by reason of their performing public

contracts or public functions.  Rendell-Baker v. Kohn, 457 U.S. 830, 841-42 (1981).  Based on

the foregoing, the plaintiff has not alleged facts showing that a "symbiotic relationship" existed

between the Commonwealth and United Concordia.

   Having failed to show that United Concordia engaged in acts "fairly attributable to

the State" when it failed to reinstate the plaintiff as a participating dentist in its health plan, the

amended complaint does not state a viable claim under § 1983.  In addition, we agree with the

defendant that the pleadings fail to show that it deprived the plaintiff of an individual interest

encompassed within the Fourteenth Amendment.

   In ¶ 43 of the amended complaint, the plaintiff alleges that "[i]n applying for and

receiving his professional license in Pennsylvania, [he] has acquired a property interest in his

license that is protected by the Fourteenth Amendment ...., and has acquired a liberty interest in

pursuing his lawful avocation."  The plaintiff does not claim that United Concordia's failure to reinstate him as a participating dentist in its plan prevented him from practicing his profession with other health care providers.

               In Board of Regents of State Colleges v. Roth, 408 U.S. 564 (1972), the Supreme Court held that a non-tenured assistant professor who was hired for a fixed term, after which his contract expired and was not renewed, did not have a property interest in continued employment. The Court explained: "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it."  Id. at 577.  In Roth, supra, the Court explained that property interests are not created by the Constitution itself.  Rather, they are created from an independent source -- such as state law or a statute -- which secures benefits and supports claims of entitlement to them.  Id.

               Importantly, the plaintiff does not claim that he had a vested right to provide dental services to enrollees in the defendant's health plan.  Indeed, as set forth in 55 Pa. Code § 1101.42(a), cited above, "[t]he department may at its discretion refuse to enter into a provider agreement" with eligible participants in the MA Program.  Since it appears that the plaintiff did not have legitimate claim of entitlement to provide dental services to participants in United Concordia's health plan, the defendant did not deprive him of a property interest secured by the Fourteenth Amendment.

               An appropriate Order will be entered.

<u>O   R   D   E   R</u>

AND NOW, this 19th day of February, 2010, for the reasons set forth in the

Court's Memorandum Opinion,

IT IS ORDERED that the defendant's motion to dismiss the amended complaint

(Document No. 16) is granted.


<u>s/ ROBERT C. MITCHELL</u>
United States Magistrate Judge